2000 OK JUD ETH 1

## JUDICIAL ETHICS OPINION 2000-1.

Oklahoma Judicial Ethics Advisory Panel.

May 30, 2000.

¶ 0 QUESTION 1: May a judge who owns an office building, lease it to an attorney who will probably be appearing in the judge's court?

¶ 1 QUESTION 2: Should a judge who is in a landlord-tenant relationship with an attorney recuse when the attorney appears before the judge?

¶ 2 WE ANSWER:

QUESTION 1: Yes, with reservations.

QUESTION 2: Yes, if recusal is requested.

¶ 3 SPECIFIC FACTS: The judge owns a building which is particularly suitable for attorney offices by design and by its proximity to the courthouse. The letting would be done by a realty firm and it would be a written, arms-length transaction.

¶ 4 Canon 3E: "A judge should disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned . . . ."

¶ 5 Canon 3F: "A judge disqualified by the terms of Section 3E may disclose on the record the basis of the judge's disqualification. If following disclosure of any basis for disqualification other than personal bias or prejudice concerning a party, the parties and lawyers, without participation by the judge, all agree that the judge should not be disqualified, and the judge is then willing to participate, the judge may participate in the proceeding. The agreement shall be incorporated in the record of the proceeding."

¶ 6 Canon 4D(1): "A judge should not engage in financial and business dealings that:

(a) may reasonably be perceived to exploit the judge's judicial position, or

(b) involve the judge in frequent transactions or continuing business relationships with those lawyers or other persons likely to come before the court on which the judge serves."

Canon 4D(2): "A judge may, subject to the requirements of this Code, hold and manage investments of the judge and members of the judge's family, including real estate . . . ."

Canon 4D(4): "A judge should manage the judge's investments and other financial interests to minimize the number of cases in which the judge is disqualified. As soon as

the judge can do so without serious financial detriment, the judge should divest himself or herself of investments and other financial interests that might require frequent disqualifications."

¶ 7 This is a particularly controversial question and various ethics panels have taken opposite views. A judge may manage family real estate, as set out in Canon 4D(2), subject to the conditions set out in 4D(1).

¶ 8 The Arizona Supreme Court Judicial Ethics Advisory Committee flatly states that Canon 4D(1)(b) "makes it clear that a full-time judge is precluded from renting property to attorneys who come before or are likely to come before the judge." Supporting this position are opinions from the Arkansas Judicial Ethics Advisory Committee stating that the judge must disqualify if the attorney in such relationship appears before the judge; and the Kansas Judicial Ethics Advisory Panel which advised that the judge should not hear cases handled by the attorney-tenant. The Kansas opinion, JE–12 is based on the appearance of impropriety, stating that the judge's impartiality might reasonably be questioned. This view is supported by opinions in Michigan and a number of other states.

¶ 9 On the other hand, the Ethics Commission of the Kentucky Judiciary would, agree with our answer on both questions, "Absent special circumstances." The Kentucky Panel reasoned that generally the routine, periodic payment of rent in the typical landlord-tenant relationship is not financial dealings that involve the judge in frequent transactions with lawyers. (Kentucky Advisory Opinion JE–7 (1980), Kentucky Advisory Opinion JE–9 (1980).) This position was agreed to by the Maryland Committee, Maryland Advisory Opinion 71 (1980), which advised that such a relationship is not a violation of the Canons and does not give rise to a reasonable suspicion that the prestige of office is being used to coerce others to patronize the attorney or to promote the attorney's interests.

¶ 10 One aspect of the questions is agreed to by all of the ethics panels researched: the judge must make a full disclosure of the relationship in any contested proceeding and if there is any objection, the judge should recuse. The judge should set out all facts that possibly could be a basis for disqualification; it should be noted that it is not the duty of the attorney to seek out disqualifying facts, but the duty of the judge to make full disclosure. We call attention to a statement in the Code of Conduct for Federal Judges: "Canons are rules of reason." The Canons should be applied in the context of all relevant circumstances and we note a few of the circumstances that should be considered in the present question.

1.  The rental should be commercially reasonable.

2.  The duties as landlord must not interfere with judicial duties.

3.  The duties of landlord should not involve the judge in frequent conferences and transactions with an attorney.

4.  The letting should be conducted by a realty firm (as in the case presented here).

5.  There should be no "strained" relationships resulting from late rental, failure to repair, disagreements, etc.

6.  It should not be a situation where the judge is depending to a significant degree on the rental income.

7.  If it develops that disqualification is frequent, the judge should terminate the relationship.

¶ 11 In summation, it is our opinion that a judge can lease an office building or part of an office building to an attorney. If the attorney appears before the judge in a contested matter, the judge should make a full disclosure to adverse counsel of all of the circumstances of the landlord-tenant relationship. The judge should advise adverse counsel that the judge will recuse unless disqualification is waived. If disqualification occurs often, the judge should change the relationship with the attorney.

¶ 12 /s/ Robert L. Bailey
ROBERT L. BAILEY, Chairman
¶ 13 /s/ Robert A. Layden
ROBERT A. LAYDEN, Vice–Chairman

## DISSENTING OPINION

¶ 1 The majority of the Panel has issued an opinion answering the following questions.

¶ 2 QUESTION 1: May a judge who owns an office building, lease it to an attorney who will probably be appearing in the judge's court?

¶ 3 QUESTION 2: Should a judge who is in a landlord-tenant relationship with an attorney recuse when the attorney appears before the judge?

¶ 4 The majority answered the questions:

1. Yes, with reservations;

2. Yes, if recusal is requested.

¶ 5 I must respectfully dissent. First, the actual fact situation presented was not one where the attorney or attorneys would probably appear before the judge, but where, in fact, they would appear on a regular basis. However, that change in circumstances would not affect my response, nor would the fact that the letting would be handled by a realty or management firm, be in writing and an arms-length transaction.

¶ 6 Canon 3E: "A judge should disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned...."

¶ 7 Canon 4D(1): "A judge should not engage in financial and business dealings that:

(a) may reasonably be perceived to exploit the judge's judicial position, or

(b) involve the judge in frequent transactions or continuing business relationships with those lawyers or other persons likely to come before the court on which the judge serves."

¶ 8 Canon 4D(4): "A judge should manage the judge's investments and other financial interests to minimize the number of cases in which the judge is disqualified. As soon as the judge can do so without serious financial detriment, the judge should divest himself or herself of investments and other financial interests that might require frequent disqualifications."

¶ 9 Among possible perceptions that dictate negative responses to the first question are:

1. that an attorney may be currying favor with a judge in leasing from the judge.

2. that a judge may have a financial interest in the attorney prospering.

¶ 10 The majority opinion states: "This is a particularly controversial question and various ethics panels have taken opposite views ..." It is my position that *anytime* there exists a "particularly controversial question" whether a judge may engage in certain activities, the answer should always be in the negative. A judge entrusted with the highest responsibility of sitting in judgment of the actions of others must be held to the highest standard of conduct to ensure public trust and confidence.

¶ 11 As pointed out in the majority opinion ethics panels in the state of Arizona, Kansas, Arkansas and Michigan have answered "no" to similar questions. They cite Kentucky and Maryland as states where the panels have answered "yes" with similar qualifications of notice to all parties by the judge and waiver.

¶ 12 Putting the burden on the attorney who regularly practices before a judge to either ask the judge to recuse or waive such recusal is totally unfair to the attorney and his client and is one which should not be imposed.

¶ 13 I recognize that the position I have taken on this question will occasionally have a harsh economic result for a judge, but when one seeks positions of public trust, there are certain otherwise legitimate interests one must forgo.

¶ 14 For these stated reasons, I would answer Question 1 in the negative, thereby making moot, Question 2.

¶ 15 /s/ Milton Craig
MILTON CRAIG, Secretary